UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONYA BLANTON and DIANE JOA,<br><br>Plaintiffs,<br><br>v.<br><br>TORREY PINES PROPERTY MANAGEMENT, INC., et al.,<br><br>Defendants. | Case No.:  15-CV-0892 W (NLS)<br><br>**CONFIDENTIALITY ORDER PURSUANT TO RULE 26(c)**<br><br>**(Dkt. No. 36)** |

Based on the joint motion of the parties, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Designation Disputes.  Any request for judicial intervention to determine challenges to designations under this order must comply with the Court's 45-day rule regarding resolution of discovery disputes.   Specifically, if the parties do not resolve their dispute over designation through the meet and confer process, counsel must, within forty-five (45) days of the date of the event giving rise to the dispute, file a joint statement, as described in the Court's Chamber's Rules IV(C).

2. Filing Under Seal.  Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with

appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers rules, with respect to filing documents under seal.

3. Modifications. The Court may modify the protective order in the interests of justice or for public policy reasons.

4. For the purposes of this Confidentiality Order, "DOCUMENTS" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

5. The parties in this action have the right to designate as "CONFIDENTIAL" any documents in this action which either Party believes in good faith contain nonpublic and sensitive personal information of individual persons, privileged information, trade secrets, confidential research, developments, commercial financial information and/or any other proprietary, confidential, or competitively sensitive business information ("CONFIDENTIAL INFORMATION").

6. CONFIDENTIAL INFORMATION shall not be disclosed by the parties or their counsel to anyone other than the Court and its officers, counsel and their agents and employees, and the parties. Counsel may also disclose CONFIDENTIAL INFORMATION to qualified third-parties employed or retained to assist in the prosecution, defense, or settlement of this action, such as investigators, expert witnesses and technical advisers, and witnesses who are the subject of or discussed in the information. Anyone (other than the Court and its personnel) who is allowed to receive CONFIDENTIAL INFORMATION shall be provided with a copy of this Confidentiality Order and shall sign a Non-Disclosure Agreement in the form set forth in Exhibit 1 hereto or in a substantially similar form before such disclosure is made.

7. The parties in this action have the right to designate categories of CONFIDENTIAL INFORMATION as "CONFIDENTIAL – FOR ATTORNEY EYES ONLY." Confidential information that is designated as "For Attorney Eyes Only" shall

not be disclosed to the parties. Confidential information that is designated as "For Attorney Eyes Only" may be disclosed to the Court and its officers, counsel and their agents and employees, and those third parties identified herein after those third parties execute the required Non-Disclosure Agreement.

8. Information that is designated as CONFIDENTIAL and CONFIDENTIAL – FOR ATTORNEY EYES ONLY shall be disclosed by the parties and their counsel only in accordance with the terms of this Confidentiality Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose.

9. Nothing in this Confidentiality Order shall be construed to impose affirmative obligations on the Court or court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged under seal.

10. Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving information designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY EYES ONLY will be raised, shall so advise the Court.

11. Nothing in this Confidentiality Order shall affect the admissibility of any information designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY EYES ONLY in this action. By producing the confidential documents, producing parties do not waive any objection to the confidential documents' admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

12. Within 30 days after the termination of this action all documents designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY EYES ONLY produced by a party shall be returned to that party's counsel.

13. Nothing in this Confidentiality Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action. The execution of the Confidentiality Order shall not preclude any party from moving the court for Confidentiality Orders in the course of this litigation, from modifying or expanding this

Confidentiality Order as needed or from objecting to discovery that it believes to be improper.  This Confidentiality Order is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the Court.

14. This Confidentiality Order shall survive the final termination of this action. The Court shall retain jurisdiction to enforce this Confidentiality Order for six months after the final termination to resolve any dispute concerning the use of information designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY EYES ONLY.

15. The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

16. Nothing contained in this Confidentiality Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**IT IS SO ORDERED.**

Dated:  March 3, 2016

Hon. Nita L. Stormes
United States Magistrate Judge

# EXHIBIT 1

## Non-Disclosure Agreement

I, (name of individual), have been provided with a copy of the Confidentiality Order entered in *Blanton v. Torrey Pines Property Management, Inc., et al.*, in the United States District Court for the Southern District of California.  I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the Southern District of California for any proceedings with respect to said Confidentiality Order.  I will not divulge to persons other than those specifically authorized by said Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Court.

Dated:

                    (Signature)

                    (Address)

                    (Telephone)