UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MONYA BLANTON and DIANE JOA, | Case No.: 15-CV-0892 W (NLS) |
|---|---|
| Plaintiffs, | |
| v. | **ORDER ON DISCOVERY DISPUTE NO. 2: DENYING PLAINTIFFS' MOTION TO COMPEL** |
| TORREY PINES PROPERTY MANAGEMENT, INC., et al., | |
| Defendants. | **[Dkt. No. 84]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 2. (Dkt. No. 84.) Having considered the arguments presented by both parties and for the reasons set forth herein, the Court **DENIES** Plaintiffs' motion to compel further responses to Interrogatory Nos. 22 and 23.

///

## I. Relevant Factual and Procedural Background

This case presents claims related to the Fair Housing Act ("FHA") and alleged discrimination based on familial status. (*See* Dkt. No. 29.) At the outset of this case, Plaintiffs Blanton and Joa alleged identical claims against Defendants, including claims for discrimination in violation of the FHA and the California Fair Employment and Housing Act ("CFEHA"). (*See* Dkt. No. 29.)

This discovery dispute arose previously, and Defendants raised the question of Plaintiffs' standing to pursue FHA and CFEHA based claims for discriminatory housing practices. (Dkt No. 65.) In response, this Court denied the pending motion to compel without prejudice, and set a deadline for briefing regarding Plaintiffs' standing to continue to pursue their discrimination claims. (Dkt. No. 66.) Defendants moved to dismiss each of the Plaintiffs' FHA and CFEHA claims. (Dkt. No. 72.) The Court dismissed Ms. Joa's claims, but permitted Ms. Blanton's claims to proceed. (Dkt. No. 83.) This dispute now arises for the second time.

Plaintiffs Blanton and Joa *both* seek to compel further responses to interrogatories propounded solely by Ms. Joa. (Dkt. No 84, pg. 2:12-13; pg. 10:26-27; Dkt. 84-3, Ex. 1.) Specifically, Plaintiffs move to compel responses to Interrogatory Nos. 22 and 23, which seek information for each of TPPM's rental units relating to, in sum, the size/layout and occupancy of each unit within 14 geographical zip code areas.[1] (Dkt. No. 84, at II.C.)

---

[1] Interrogatory No. 22 states:
> For each rental dwelling owned or operated by any defendant and located in the following zip codes within San Diego County … please state the following information for the period between June 1, 2011 and June 1, 2015: (1) each dwelling by unit number and building address; (2) the size of each dwelling unit by square footage; and (3) the configuration of each dwelling unit by number of bedrooms, bathrooms and total number of rooms. Plaintiffs request this information be supplied in MS Excel.

Interrogatory No. 23 states:
> For each rental dwelling owned or operated and located in the following zip codes within San Diego County … please state the following information for

2

15-CV-0892 W (NLS)

Plaintiffs argue that responses to the interrogatories are relevant to Ms. Blanton's remaining discrimination claims, and are necessary for expert statistical analysis of disparate impact. (*Id.* at II.D.) Defendant Torrey Pines Property Management ("TPPM") objects to Ms. Blanton's continued pursuit of responses to interrogatories based upon lack of standing to compel responses as Ms. Blanton was not the propounding party. TPPM also objects that the discovery is irrelevant, over-broad, oppressive and unduly burdensome, and invades the Defendant's privacy and requests commercially protected information.[2] (*Id.* at II.F-G.)

## II. Discussion

### A. Plaintiff Blanton Lacks Standing to Compel a Response

Motions to compel responses to interrogatories are governed by Rule 37 of the Federal Rules of Civil Procedure. As a threshold matter, the party pursuing a motion to compel must have standing to bring the motion. *Payne v. Exxon Corp.*, 121 F. 3d 503, 510 (9th Cir. 1997) ("Only 'the discovering party' … may bring a motion to compel."); *Loop AI Labs v. Gatti,* No. 15-cv-00798-HSG (DMR), 2016 WL 4474584, 2016 U.S. Dist. LEXIS 114247, at *8 (N.D. Cal. Aug. 25, 2016) ("under Rule 37(a) … a party lacks standing to move to compel answers to a different party's discovery requests").

---

the period between June 1, 2011 and June 1, 2015: (1) each tenant household, identified by unique tenant number; (2) the dates of first and last occupancy by each tenant household; (3) the number of occupants in each household, based on the household's first month of occupancy; (4) the number of minor children in each tenant household based on the household's first month of occupancy; (5) the rent charged each tenant household for the household's third month of occupancy. [Fn. 3.] Plaintiffs request that this information be supplied in MS Excel.

Fn. 3: Plaintiffs request the monthly rent charged for the third month of tenancy to avoid the effects of move-in specials or first month rent discounts. If defendants certify that no such rent adjustments exist, then the first month rent is acceptable.

[2] The Court notes TPPM's request to submit additional briefing, but finds further briefing unnecessary under the facts and circumstances presented.

The parties do not dispute that Interrogatory Nos. 22 and 23 were propounded by Ms. Joa only. (*See* Dkt. 84-3, Ex. 1.) Ms. Blanton is not the propounding party, and lacks standing to compel responses under Rule 37. *Payne v. Exxon Corp.*, 121 F. 3d 503, 510 (9th Cir. 1997); *Loop AI Labs v. Gatti,* No. 15-cv-00798-HSG (DMR), 2016 WL 4474584, 2016 U.S. Dist. LEXIS 114247, at *8 (N.D. Cal. Aug. 25, 2016). *See also, In re Urethane Antitrust Litig.*, 237 F.R.D. 454 (D. Kan. 2006) (non-settling defendants lack standing to seek enforcement of settled defendant's discovery requests).

Plaintiffs argue that in any event Ms. Joa should get the discovery because she and Ms. Blanton overlapped in time at the subject apartments and were subject to the same occupancy policy. (*See* Dkt. 29, ¶¶ 14-17, 19-21.) The Court does not find this timing overlap to be enough of a tie between the Plaintiffs so as to allow the requested discovery. Even though Ms. Joa and Ms. Blanton are co-plaintiffs, their alleged claims arise out of different sets of facts. (*Id.*) While Ms. Joa and Ms. Blanton were arguably tied together by the same question of law regarding whether they each suffered familial status discrimination due to the occupancy policy, that tie was severed when the district judge found that Ms. Joa did not suffer any concrete injury for any alleged violation of the FHA or CFEHA. (Dkt. No. 83.) Further, at the time of the filing of the complaint and propounding of the discovery, Plaintiffs were aware of the fact that Ms. Joa did not suffer any concrete injury for any alleged violation of the FHA or FEHA because TPPM did not begin to enforce its occupancy policy against Ms. Joa until 2014, when all of her children had already reached the age of majority. (*See* Dkt. No. 29, ¶ 20.) While aware of these distinct factual scenarios, Plaintiffs decided to serve the interrogatories that related to the discrimination claims and issue of disparate impact only in Ms. Joa's name. Plaintiffs' should have been aware that Ms. Joa did not have standing to assert such claims. In sum, not only is there no standing, but there is no common set of facts or common question of federal law that binds these Plaintiffs together as to these interrogatories.

Additionally, Plaintiffs cite to no authority permitting a party to compel responses to discovery propounded in another party's name. This Court found only one case that permitted a motion to compel to proceed when the interrogatories were propounded in another party's name. In *Morden v. T-Mobile USA, Inc.* ("*Morden*"), No. C05-2112RSM, 2006 WL 1727987, 2006 U.S. Dist. LEXIS 42047, at *4 (W.D. Wash. June 22, 2006), plaintiff Morden propounded discovery requests for the purposes of class certification relating to "off the clock" claims in a Fair Labor Standards Act case. *Id.* at *1-2. The discovery was propounded prior to the time that Plaintiff Siddiqui, who asserted the "off the clock" violations, joined the action. *Id.* at *3-4. There, the Washington District Court held that in the absence of any authority from the parties regarding standing, and in light of the ability of Plaintiff Siddiqui to propound identical discovery, the Court's time and resources were best served by addressing the merits of the motion. *Id.* at *4.

The facts of the case before the Court are distinguishable from *Morden*, and compel a different result. Here, Defendant TPPM cited to relevant authority that precludes the unnamed party from pursuing a motion to compel. (Dkt. 84, pgs. 11:13-12:6, citing *Payne v. Exxon Corp.*, 121 F. 3d 503, 510 (9th Cir. 1997) and *In re Urethane Antitrust Litig.*, 237 F.R.D. 454 (D. Kan. 2006).) Fact discovery closed November 30, 2016; precluding Plaintiff Blanton from issuing identical discovery and eliminating any saved resources for the Court or parties. (*See* Dkt. 51, Scheduling Order.) Plaintiffs also assert that they have not exceeded the permitted 25 written interrogatories because each Plaintiff may propound 25 separate written interrogatories. (Dkt. 84, pg. 10:20-24.) Plaintiffs thereby confirm that each set of interrogatories propounded was intended to be for the propounding Plaintiff only. Any other construction would impermissibly permit 50 interrogatories per plaintiff in violation of Rule 33.

Plaintiffs' motion to compel can only proceed as asserted by Ms. Joa. Accordingly, this Court turns to analysis under the standards of Rule 26 as applied to Ms. Joa.

///

5

15-CV-0892 W (NLS)

## B. The Interrogatories are Irrelevant to Ms. Joa's Claims

With proper standing, a party can obtain and compel discovery of non-privileged information so long as it is relevant and proportional. Fed. R. Civ. P. 26(b)(1). If the discovery requested is not proportional, it falls outside the bounds of Rule 26. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564-65 (D. Ariz. 2016) ("Relevancy alone is no longer sufficient — discovery must also be proportional to the needs of the case.").

Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

Plaintiffs concede that the information requested via Interrogatory Nos. 22 and 23 is relevant only to prove a "pattern or practice of discrimination" for the purposes of the disparate impact claim. (Dkt. No. 84, pg. 8:10-15.) Ms. Joa no longer asserts any valid claim for discrimination, rendering the discovery sought irrelevant to her remaining causes of action.

This Court is unable to find relevant authority whereby a named Plaintiff was permitted to pursue discovery relevant only to another party's claim without any relevance to their own remaining case. In addition, the Notes to the 2000 and 2015 Amendments explain that Rule 26 was intended to address the distinction between discovery "relevant to the subject matter involved in the action" and discovery "relevant to a claim or defense." Fed. R. Civ. P. 26, Notes of Advisory Committee on 2015 Amendments. *See also, In re Ashworth, Inc. Sec. Litig.*, No. 99cv0121 L (JAH), 2002 WL 33009225, 2002 U.S. Dist. LEXIS 27991, at *9 (S.D. Cal. May 10, 2002) (noting parties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings). Interrogatories 22 and 23 are irrelevant to Ms. Joa's claims or

6

15-CV-0892 W (NLS)

defenses, even if perhaps relevant to the subject matter of the litigation. Plaintiffs' motion to compel is denied.

### C. The Interrogatories are Impermissibly Disproportionate

Even were Ms. Joa able to articulate relevance to her own claim, or proceed to collect discovery relevant only to Ms. Blanton's claims, the requests are also disproportionate and beyond the bounds of Rule 26.

Both Plaintiffs' complaint and argument rely heavily on the disparate impact on renter families in the City of El Cajon. (*See* Dkt. Nos. 29; 84, pg. 3:10-4:2.) The scope of information sought in Ms. Joa's discovery requests is not limited to the City of El Cajon, but seeks information from across San Diego County. Plaintiffs argue that Plaintiffs' expert needs broad information to create an appropriate data pool, and submit a declaration from their expert in support. (Dkt. 84, pg. 8:27-9:5.)

Plaintiffs' expert's declaration simply states that information from the Dominguez Way apartments would not be sufficient and that he would have to combine information across zip codes. (Dkt. No. 84-2, ¶ 2.) Ms. Joa's interrogatories seeks information for 14 separate zip codes. (Dkt. No. 84, at II.C; Dkt No. 84-3, Ex. 1.) The City of El Cajon appears to contain at least three distinct zip codes: 92019, 92120, and 92121. (*See* City of El Cajon Zip Code Map, available at http://www.ci.el-cajon.ca.us/discover-el-cajon/about/map.) Plaintiffs' expert fails to offer any reasoning as to why information beyond the combined zip codes of the City of El Cajon is necessary. While statistical information is relevant to disparate impact cases, Plaintiffs' pleading is specific to the City of El Cajon, and so too must be the scope of discovery. *See Mountain Side Mobile Estates P'ship v. Sec. of Housing and Urban Dev.*, 56 F.3d 1243, 1253 (10th Cir. 1995) ("In this case, the appropriate comparables must focus on the local housing market and local family statistics. The farther removed from the local statistics the plaintiffs venture, the weaker their evidence becomes.") cited with approval in *Budnick v. Town of Carefree,* 518 F.3d 1109, 1119 (9th Cir. 2008); *see also,* Fed. R. Civ. P. 26.

Defendant also argues that the Interrogatories are overbroad and overly burdensome because, *inter alia,* the data sought would require excessive amounts of time to collect, and ultimately will not yield accurate information because it is based on the information as contained in the residents' applications, which may or may not be accurate. (Dkt. 84, pg. 17:23-18:6.) As evidence of the unreliability of the information sought, Defendant points to Plaintiff Blanton's own application. (*Id*.) Ms. Blanton's application lists only herself and three children, omitting two additional children and members of the household. (*Id.*)

The Court finds this argument persuasive, and finds the requests impose an undue burden disproportionate to the needs of the case. While some of the information sought is likely part of TPPM's business records (such as the address, number of bedrooms and bathrooms per unit, and the price of rent), some information sought appears to require tenant files to be pulled at great burden and expense to TPPM. (*See*, Dkt. 84-4, ¶ 3 estimating 496 hours to pull and review each file for the geographical areas identified.) Interrogatory 23, in particular, asks for information including the number of occupants per unit, how many of them are children, and the first and last dates of occupancy. TPPM states that to gather this information, individual tenant files will have to be pulled and reviewed, to gather information that is unreliable at best. (*See*, Dkt. 84-4.) Even assuming that such information is needed for Plaintiffs' expert's analysis, accurate information is required to produce reliable expert testimony and results. As Ms. Blanton's application demonstrates, accurate information is not likely to be gathered. The burden and expense of compiling this information coupled with the unreliability of the same makes the request disproportionate to the needs of the case.

Defendant raises additional objections based upon privacy and commercially sensitive information. However, because the Court finds that neither Plaintiff may pursue the discovery based upon standing, relevance, and proportionality, the Court need not address any further objections.

///

8

15-CV-0892 W (NLS)

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel responses to Interrogatory Nos. 22 and 23 are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 10, 2017

Hon. Nita L. Stormes
United States Magistrate Judge

9

15-CV-0892 W (NLS)