UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONYA BLANTON and DIANE JOA,<br><br>Plaintiffs,<br><br>v.<br><br>TORREY PINES PROPERTY MANAGEMENT, INC., et al.,<br><br>Defendants. | Case No.: 15-CV-0892 W (NLS)<br><br>**ORDER ON DISCOVERY DISPUTE NO. 3: GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**<br><br>[Dkt. No. 86] |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 3. ECF No. 86. Having considered the arguments presented by both parties and for the reasons set forth herein and as detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiffs' motion to compel answers to Requests for Admission Nos. 1-36, and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel further responses to the Request for Production of Documents (Set Three), Nos. 29-42.

**I. Background**

This case presents claims related to the Fair Housing Act ("FHA") and alleged discrimination based on familial status. *See* ECF No. 29. This is the Third Discovery Dispute presented by the parties. Plaintiffs move to compel answers to Requests for

Admission and documents pursuant to Requests for Production from defendant Torrey Pines Property Management ("TPPM") as set forth in greater detail below.

## II.   Standing

Plaintiffs both appear to move to compel responses from TPPM. *See* ECF No. 86 (using "Plaintiffs" throughout). The Requests for Admission were served by "Plaintiffs" jointly. ECF No. 86-6, Ex. 1; *but see,* ECF No. 86, pg. 1:26. The Requests for Production appear to have been served in Ms. Blanton's name only. ECF No. 86-6, Ex. 4. Accordingly, Ms. Blanton has standing to compel responses to both the Requests for Admissions and the Requests for Production. *Payne v. Exxon Corp.*, 121 F. 3d 503, 510 (9th Cir. 1997) ("Only 'the discovering party' … may bring a motion to compel."); *Loop AI Labs v. Gatti,* No. 15-cv-00798-HSG (DMR), 2016 WL 4474584, 2016 U.S. Dist. LEXIS 114247, at *8 (N.D. Cal. Aug. 25, 2016) ("under Rule 37(a) … a party lacks standing to move to compel answers to a different party's discovery requests").

As to Ms. Joa's ability to compel further responses to Requests for Admission, the information and documents Plaintiffs request TPPM admit to have relevance only to the Fair Housing Act based claims to show a "pattern and practice." ECF 86 at 4:21-26. Ms. Joa is no longer asserting FHA claims and the Requests for Admission have no relevance to her remaining claims. ECF No. 84; Fed. R. Civ. P. 26. Likewise, she did not propound the Requests for Production. Thus, to the extent Ms. Joa seeks to compel responses to either the Requests for Admission or the Requests for Production, the motion is **DENIED**.

The Court will proceed with the motion as asserted by Ms. Blanton only.

## III.   Compliance with Local Rules

The parties disagree on whether the discovery dispute relating to the Requests for Production of Documents is properly before the Court.[1] TPPM argues that the Local

---

[1] The parties raise no issue as to the Requests for Admission.

Rules prohibit the motion to compel because the Plaintiff failed to meet and confer regarding the Requests for Production at issue. ECF No. 86, pg. 12:13-15. TPPM also argues that the dispute is untimely because the meet and confer was not completed prior to the discovery cut off. ECF No. 86, pg. 14:10-14.

Plaintiff counters that she (1) believed that meet and confer efforts had been exhausted regarding the document requests and (2) Defendant could have brought the lack of meet and confer to Plaintiff's counsel's attention prior to the day of filing of the dispute. ECF No. 86, pg. 2, 7-15.

### A. The Discovery Dispute is Timely

The Court first addresses the timeliness of the motion as to the Requests for Production. Pursuant to the Scheduling Order, the Discovery cut-off date was November 30, 2017. ECF No. 51, ¶ 2. All discovery was to be completed by that time. *Id.* The Scheduling Order goes on to state,

> "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be **initiated** a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, **taking into account the times for service, notice and response** as set forth in the Federal Rules of Civil Procedure.

*Id* (emphasis added). The Scheduling Order directs that responses be required on or before the discovery cut-off date. Neither the Scheduling Order, nor the Local Rules, nor the Chamber Rules require that a discovery motion be filed prior to the discovery cut off, or that the occurrence of the discovery cut-off prevents a motion to compel *further* responses that were timely propounded within the discovery period. *See*, Judge Stormes Civil Case Procedures, VI.C.2.b ("For Written Discovery: the event giving rise to the discovery dispute is the service of the **initial** response…") (emphasis added). This is distinguishable from the situation in which responses are not initially due until a few days following the discovery cut off. *See, e.g.,* ECF No. 86-6, Exs. 7-8.

TPPM's Responses to Request for Production of Documents were initially served on November 28, 2016; properly within the discovery period provided under the Scheduling Order. ECF No. 86-6, Ex. 4. In the following 45 days, the parties jointly moved to extend the deadline to file a discovery dispute regarding Request for Production Nos. 29-42 due to the pending motion to dismiss. ECF Nos. 70. The Court granted that request. ECF No. 71. This dispute is timely filed following the decision upon the motion to dismiss. ECF No. 71 (permitting dispute to be filed 3 weeks following the decision on the motion to dismiss). This discovery dispute is timely before the Court.

### B. The Meet and Confer Efforts of Both Parties are Lacking

The applicable Local and Chambers rules require the parties to meet and confer *in person* if located in the same county; and permit telephonic or video conferencing where counsel are different districts. CivLR 26.1(a); Judge Stormes Civil Case Procedures, VI.A. Under this rule the parties should, at a minimum, be in agreement as to whether or not a meet and confer conference occurred. Here, the parties present conflicting accounts.

TPPM contends that, while the parties met and conferred regarding a separate set of Requests for Production (also erroneously titled "Set Three" but numbered 29-39), no meet and confer conference occurred for Request for Production Set Three, Nos. 29-42. ECF No. 86 at G.1. TPPM concedes that Plaintiff sought to schedule a time to meet and confer prior to the submission of a request for extension of time to file the dispute. *Id.* TPPM argues that Plaintiff's failure to follow through on the meet and confer violates Local Rule 26.1(a) and so, Plaintiff's motion to compel supplemental responses should be denied. *Id.*

Plaintiff's response is simply that it was Plaintiff's "understanding that the meet and confer process for the Requests to Produce Nos. 29-42 had been exhausted." ECF No. 86, pg. 2:7-8. This statement is ambiguous, and is not an adequate declaration of compliance that a meet and confer conference occurred. CivLR 26.1. However, it also implies that the parties had discussions sufficient for Plaintiff to understand that the meet

and confer efforts were "exhausted." Considering TPPM's position that any meet and confer was untimely (*see* ECF 86, pg. 12:25-13:7) the Court can see why Plaintiff believed meet and confer efforts had been exhausted.

Plaintiff also notes that Defendant failed to bring the meet and confer issue to Plaintiff's attention until the day of filing. *Id.* at pg. 2:11-13. This is true, practical, and consistent with the intent of the Local Rules and the duties of counsel to comply with them. CivLR, 1.1(c), 26.1(a), (d); Judge Stormes Civil Case Procedures, IV.A, IX. TPPM's failure to raise this issue prior to the time of filing is a factor the Court considers.

Under the circumstances, the Court is guided by CivLR 16.1(d), to secure the just, efficient, and economical determination of this dispute. The Court is not optimistic that a direction to the parties to properly meet and confer and refile this dispute (if necessary) will conserve resources for the Court or the parties. Fact discovery has closed, and the time for the parties to file any further discovery disputes concluded May 11, 2017. ECF Nos. 69, 71. Under these circumstances, in light of CivLR 26.1(d) and (e), and in the interests of justice and expediency, the Court will address the merits of Plaintiffs' Motion to Compel regarding Request for Production Set Three, Nos. 29-42.

**IV. Requests for Admission (Set One), Nos. 1-36**

**A. Legal Standard**

Like all discovery, Requests for Admissions ("RFAs") are bound by the scope of Rule 26 requiring discovery to be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). RFAs are governed by Federal Rule of Civil Procedure 36, which states:

> A party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> (A) facts, the application of law to fact, or opinions about either; and [¶] (B) the genuineness of any described document.

Rule 36 does not limit the number of RFAs that may be propounded, however, the Court's Local Rules do. Civil Local Rule 36.1 states:

5

15-CV-0892 W (NLS)

> No party will serve on any other party requests for admission which, including subparagraphs, number more than **twenty-five** requests for admission without leave of court. Any party desiring to serve additional requests for admission must submit to the court a written memorandum setting forth the proposed additional requests for admission and the reasons establishing good cause for their use.

CivLR 36.1(a) (emphasis added). *See also* Fed.R.Civ.P 26(b)(2)(A) (authorizing district courts to limit the number of requests under Rule 36 by local rule.)

The party responding to RFAs may either answer or object. Fed. R. Civ. P. 36 (a)(4), (5). The requesting party may then move to determine the sufficiency of answers or objections. Fed. R. Civ. P. 36 (a)(6). If a party provides an answer, it must admit, deny, or state in detail why the party cannot truthfully admit or deny the matter. Fed.R.Civ.P 36(a)(4). Qualified answers are proper if the responding party specifies the part admitted and qualifies or denies the rest. *Id.* The responding party may also assert lack of sufficient information or knowledge as a reason for failing to admit or deny the matter, as long as the party states that "it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

### B. Relevant Facts

Plaintiff issued 36 Requests for Admission relating to documents obtained from the Department of Fair Employment and Housing ("DFEH"), and the time periods in which certain Rental Application Guidelines were in effect. ECF Nos. 86 at pg. 4:17-21; 86-6, Ex. 1. TPPM responded to the requests with objections only. ECF No. 86-6, Ex. 2.

Plaintiff argues that TPPM's objections do not comply with Rule 36 because the objections did not explain why the information was not within TPPM's ability to admit or deny. ECF No. 86 at pg. 5:20-23. Plaintiff asserts answers to the RFAs are necessary because they establish "pattern and practice" evidence for the discrimination claim, and also show TPPM made inaccurate representations about the availability of the properties. *See* ECF No. 86, Joint Statement, *passim.* Plaintiff further argues that the Order on

Discovery Dispute No. 1 (ECF No. 56) does not preclude Plaintiff from having or authenticating the DFEH documents. ECF No. 86 at pg. 6:2-10.

TPPM counters that no further response is necessary because the documents are from an unrelated case, *Cheng v. Torrey Pines, et al.,* and therefore irrelevant to this matter. TPPM cites to this Court's order on Discover Dispute No. 1 (ECF No. 56) as authority for the irrelevance of the *Cheng* case to the instant action. TPPM also argues that Ms. Blanton's stated reason for pursuing the discovery, that TPPM intentionally misrepresents the availability of units, is not supported by any allegations in her pleading. ECF No 86, pg. 12:1-10.

### C. Discussion

The documents Plaintiff obtained from the DEFH demonstrate prior complaints based upon the occupancy policy at issue in this action, some of which are verified by TPPM personnel. Contrary to the situation presented by Discovery Dispute No. 1, Plaintiff can now demonstrate the relevance of the documents and the DEFH action. *See,* ECF No. 56, at III (c). Each of the RFAs and the parties' arguments will be addressed in turn.

*RFA Nos. 1 – 2 (Exhibit 1)*

RFA Nos. 1 and 2 seek to authenticate and confirm the accuracy of a property list of TPPM, attached as Exhibit 1 thereto. As has been established, statistical data is relevant to a claim for disparate impact. *Budnick v. Town of Carefree*, 518 F.3d 1109, 1118 (9th Cir. 2008). In order to establish a point of comparison for purposes of statistical analysis, the number of properties managed by TPPM at the time period of the allegations in the complaint is relevant to Plaintiff's claim. Plaintiff's request to authenticate and confirm the accuracy of the property list attached as Exhibit 1, which includes the El Cajon properties managed by TPPM and subject to the occupancy policy at issue, is relevant to the claims in Ms. Blanton's remaining complaint.

RFA Nos. 1 and 2 seeks to confirm the accuracy of a document legally obtained by Plaintiff and relevant to the claim asserted in this action. Plaintiff's request to compel

answers to RFA Nos. 1 and 2 are **GRANTED**; TPPM is to serve answers consistent with Rule 36 (a)(4).

*RFA Nos. 4-7, 10, 12, 15-16 (Exhibits 3-6, 8, 10, 13-14)*

RFA Nos. 4 through 7, 10, 12, 15, and 16 request TPPM authenticate documents by confirming that documents attached as Exhibits 3-6, 8, 10, and 13-14 are true and correct copies of documents provided by TPPM to the DFEH. The exhibits consist of several documents that contain verified responses from TPPM and/or seek to authenticate relevant information such as Rental Guidelines, insurance policies, or the existence of prior complaints. These requests are proper and seek to establish the genuineness of documents and facts relevant to the case. Fed. R. Civ. P. 36 (a)(1)(A), (B). Accordingly, Plaintiff's request to compel answers to RFA Nos. 4, 5, 6, 7, 10, 12, 15, and 16 are **GRANTED**; TPPM is to serve answers consistent with Rule 36(a)(4).

*RFA Nos. 3, 8-9 (Exhibits 2, 7)*

Conversely, some of the documents attached have no demonstrable relevance to the action. For instance, RFA No. 3 addresses Exhibit 2, "Respondent Buttonwood 2012 Trust and/or Buttonwood Investment Group, LP's ["Buttonwood"] Responses to Complainant Department of Fair Employment and Housing's Requests for Information." Buttonwood is not a party to this action and the contents of this document are duplicative of requests issued to TPPM. This document is unnecessary and therefore disproportionate to the needs of the case. Fed. R. Civ. P. 26 (b)(1). Plaintiff fails to provide any argument as to why responses from solely Buttonwood, who is not a party here, regarding another property, may be relevant or admissible. *See* ECF No. 86, Joint Statement at pg. 20:24-21:8 (referring only to "TPPM" throughout). Accordingly, Plaintiff's request to compel an answer to RFA No. 3 is **DENIED.**

RFA Nos. 8 and 9 seek to confirm that the documents attached as Exhibit 7 were provided to the DEFH, and the accuracy of the information contained therein. There is no context surrounding these documents, they are not attached to or referenced in any request or response. However, the Dominguez Way apartments are listed among the

pages, as are move in and move out dates for the units listed. The documents also contain a Bates Stamp including TPPM ("W/TPPM/BWP 000352-381").

Without any further information about what these documents purport to show, relevance cannot be determined. The documents do not show the number of occupants, whether any are/were families, or the size of the unit. Further, as TPPM points out, the move-in and move-out dates also do not necessarily correlate with vacancy and a theory of misrepresentation is not alleged in the operative complaint. ECF No. 86 at II.H, Joint Statement, pgs. 29-32; ECF No. 86-6, ¶ 18. Plaintiff's request to compel answers to RFA Nos. 8 and 9 are **DENIED.**

*RFA Nos. 11, 13, 14 (Exhibits 9, 11, 12)*

Exhibits 9, 11 and 12 attach inquiry forms filled out by interested potential applicants/tenants. The forms are, in sum, requests for information and not applications. Such forms could be filled out by numerous persons with no intent of ever renting, and Plaintiff offers no correlation between such forms and tenancy. Plaintiff has failed to demonstrate the relevance of these forms to the current action. *See* ECF No 86, Joint Statement, pgs. 34:27-35:11, 38:13-15, 40:6-18. Plaintiff's request to compel answers to RFA Nos. 11, 13, and 14 are **DENIED**.

*RFA Nos. 17-25 (Exhibits 15-16)*

Exhibits 15-16 attach various iterations of TPPM's Rental Application Guidelines, some of which include reference to the occupancy standards relevant to this litigation. RFAs 17-25 seek to authenticate the Rental Application Guidelines and establish they have been in use at some point during the time period relevant to the litigation. These requests are proper and seek to establish the genuineness of documents and facts relevant to the case. Fed. R. Civ. P. 36 (a)(1)(A), (B). Accordingly, Plaintiff's request to compel answers to RFA Nos. 17-25 are GRANTED; TPPM is to serve answers consistent with Rule 36 (a)(4).

///
///

*RFA Nos. 26-36*

The docket does not reflect that Plaintiff ever sought leave of Court to exceed the 25 RFA limit provided in Local Rule 36.1. Plaintiff's motion to compel answers to RFAs Nos. 26-36 are **DENIED**.

## V. Request for Production of Documents (Set Three), Nos. 29-42
### A. Legal Standard

Parties can obtain discovery of non-privileged information so long as it "is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Discoverable information need not be admissible. *Id.*

Under Rule 34 of the Federal Rules of Civil Procedure, a party may serve a request to produce all relevant documents or electronically stored information, or any designated tangible things, in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "A party need not have actual possession of documents to be deemed in control of them." *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998) *quoting Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991); *see also, National Academy of Recording Arts & Sciences, Inc.*, 256 F.R.D. at 682 n.1 (C.D. Cal. Feb 25, 2009) (holding where a party "has the legal right to obtain the documents on demand" the documents are within its possession, custody or control). To be compelled to respond, the non-moving party must have the ability "to command release of the documents by the person or entity in actual possession," which "usually is the result of statute, affiliation or employment." *Id.* Thus, "[a] party responding to a Rule 34 production request ... 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.' " *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

The party responding to a request for production of documents has an obligation to conduct a reasonable inquiry into the factual basis of its responses to the request to produce documents. Fed. R. Civ. P. 34. Any objection must "state whether any

responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34 (b)(2)(C).

### B. Relevant Facts

Plaintiff issued various Requests for Production (RFPs) based, in part, on the deposition testimony of named defendant, Ms. Peggy Warny, and employee of TPPM. *See* ECF No. 29, ¶ 7. During Ms. Warny's deposition, she testified regarding her personal practices of keeping daily logs and applications of tenants who were ultimately denied. ECF No. 86-3. She also testified to the receipt of various documents she referred to as similar to "handouts" she received during her training that were "update[d]" throughout her tenure as the on-site manager. *Id.*

Plaintiff argues the documents sought are relevant to the action, and may show other instances of occupancy policy violations, the development of the occupancy standard, and details specific to Ms. Blanton's eviction. Plaintiff also argues that TPPM's responses fail to comply with Rule 34.

TPPM argues primarily that Plaintiff should be procedurally precluded from compelling further responses. *See,* ECF No. 86, at pgs. 12-14 and Joint Statement, at pgs. 80-86. TPPM also raises objections based upon relevance, privacy, confidentiality, and over-breadth. Having addressed the procedural aspects herein at Sections II and III, the Court turns to the substance of the RFPs and objections.

### C. Discussion

TPPM's responses, by and large, fail to meet requirements of Rule 34. Amended responses and further production are appropriate, as set forth herein.

*RFP 29*

RFP 29 requests the complete tenant file of Mr. Zachary Cuevas.[2] In response, TPPM offered objections and produced the Cuevas lease, application, and a screen grab

---

[2] Neither party provides helpful context on who Mr. Cuevas is, but it is clear that he is a tenant of TPPM's of sufficient relevance for his lease, application, and approval to be produced.

11

showing when approved. Plaintiff argues this is incomplete and that the complete tenant file would show "how TPPM used its occupancy policy." This request appears to seek relevant information. Accordingly, the burden shifts to TPPM to support its objections. *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D.Cal.2009) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")

TPPM's remaining (non-relevance) objections relate to privacy and confidentiality, over-breadth, and harassment. TPPM does not articulate how or why the tenant file would be over-broad or harassing. To the extent the tenant file may contain sensitive financial information (e.g., credit report of the applicant), the objection to privacy and confidentiality are well founded.

Accordingly, Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART**. TPPM is to produce Mr. Cuevas's complete tenant file in redacted form. Redactions may omit Mr. Cuevas financial information; telephone number; or other personal identifying information as appropriate and required (e.g., social security number). *See also,* ECF No. 56, pg. 8-10 (Order on Joint Discovery Dispute No. 1, addressing Third Party Privacy). Redactions of the entire content of a page must permit Plaintiff to identify the type of document (e.g. a credit report) without revealing the substance of same.

*RFP 35*

RFP 35 requests written training materials provided to on-site managers from 2011-2013. TPPM responded with objections, and without waiving objection, agreed to produce all materials provided to Ms. Warny. Plaintiff believes that the documents provided were incomplete, and provides as an example a specific page (DEF003847) attached as Exhibit 1 to Mr. Butler's declaration.

The policies of TPPM and directions for enforcement as provided to on-site managers is relevant to the action, but TPPM's response to limit the production to documents provided to Ms. Warny properly narrows the scope of the request. However,

all relevant documents provided to Ms. Warny must be provided and the Court agrees that Exhibit 1 to Mr. Butler's declaration appears to exclude relevant information relating to the occupancy standard.

Plaintiff's motion to compel further response to RFP 35 is **GRANTED**. TPPM is to review its training materials and produce (or re-produce as appropriate) a complete copy of all written training materials provided to Ms. Warny from 2011 to 2013.

*RFPs 36*

RFP 36 seeks the applications of prospective tenants that were denied but saved by Ms. Warny, which Ms. Warny testified she maintained in her possession. ECF no. 86-3, Ex 2, pg. 18:23-19:4. As an employee of TPPM, these documents are within the "possession, custody, and control" of TPPM.

TPPM's objections in response to the request echo those previously raised: relevance, over-breadth, unduly burdensome/harassing, violation of privacy/confidentiality. ECF No. 86, pg. 82:3-9. TPPM further argues that production on the scope of the request without restriction as to time or familial status would violate privacy rights, is over-broad, harassing and irrelevant.

The Court finds that the relevance objection is without merit, the applications of tenants rejected on the basis of violation of the occupancy status at the Dominguez Way apartments are directly relevant to the action. However, the scope of time must be limited to the time alleged in the operative complaint, the occupancy standard is the relevant metric, and redactions are appropriate.

Plaintiff's motion to compel further response to RFP 36 is **GRANTED IN PART**. TPPM is to review and redact as appropriate, and produce any applications for the Dominguez Way apartment that were denied from 2011 to 2013 for any applicant(s) whose application appeared to violate the then-existing occupancy standard(s), regardless of the ultimate reason for the denial (e.g. credit score). Redactions may omit financial information; telephone number; or other personal identifying information as appropriate and required (e.g., social security number); names and last known/listed addresses must

13

be provided. See, ECF No. 56, pg. 8-10 (Order on Joint Discovery Dispute No. 1, addressing Third Party Privacy).

*RFP 37*

RFPs 37 requests Ms. Warny's daily log. TPPM re-asserts the same objections as raised previously. ECF No. 86, pg. 82: 24-28. As the on-site manager for the Dominguez Way property, Ms. Warny's log is relevant and must be produced. Defendant represents that all documents related to Ms. Joa and Ms. Blanton have been produced. This argument misses the mark. Documents or references showing the application and enforcement of the occupancy standard at the subject property are relevant, regardless of whether Ms. Blanton (or Ms. Joa) was referenced by name.

Plaintiff's motion to compel further response to RFP 37 is **GRANTED**. To the extent it exists, Ms. Warny's daily log for the Dominguez Way apartments must be produced for the years 2011 to 2013.[3]

*RFPs 39-40*

RFPs 39 and 40 seek any information or documentation used, referenced, or considered by Mr. Crandall to develop the "1 plus 1" occupancy standard.

TPPM objects that the requests violates the attorney work-product and attorney/client privilege; seek irrelevant information pertaining to a DEFH case; are argumentative; misstate/misrepresent a document; are vague and ambiguous; over-broad; and do not describe the items with appropriate particularity. ECF No. 86, pg. 83:23-84:5, 84:19-85:3.

Plaintiff's motion to compel further response to RFPs 39 and 40 are **GRANTED**. The Court finds these request properly seek information related to the occupancy standard, and that Plaintiff has demonstrated the relevance of the prior DEFH case such that any objection based solely upon that ground is overruled. To the extent any

---

[3] The Court notes that Ms. Warny testified that she kept the log for, approximately, the last 3 years.

documents exist that are protected by the work product or attorney client privileges, they must be identified on a privilege log. Any other relevant documents related to the development of "1 plus 1" occupancy standard must be produced.

*RFPs 41-42*

RFPs 41 and 42 seek additional documents referenced or alluded to by Ms. Warny in her deposition including instructions for the on-site manager and Fair Housing flyers/handouts. ECF No. 86-3, Ex 2. TPPM raises the same objections, adding for RFP 41 that the information seeks commercially sensitive information.

As with RFP 35, the policies of TPPM and directions for enforcement as provided to on-site managers is relevant to the action. To the extent that instructions provided to the on-site managers seek commercially sensitive information, such documents may be produced pursuant to the provisions of the operative protective order. ECF No. 37. As with other requests, the scope is properly limited to the time relevant to Ms. Blanton' claims (2011-2013) and documents applicable to/provided to the on-site manager at the Dominguez Way apartments.

Plaintiff's motion to compel further response to RFPs 41 and 42 are **GRANTED**. TPPM is produce any instructions provided to the on-site manager for the Dominguez Way and any handouts regarding Fair Housing in its possession, custody, and control.

**VI. Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiffs' motion to compel answers to Requests for Admission Nos. 1-36, and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel further responses to the Request for Production of Documents (Set Three), Nos. 29-42.

Accordingly, it is **ORDERED**:

1. Defendant TPPM is provide answers to Requests for Admission Nos. 1-2, 4-7, 10, 12, 15-16, and 17-25 consistent with this Order and Rule 36(a)(4);
2. Defendant TPPM is produce/re-produce documents consistent with this Order for Requests for Production Nos. 29 and 35;

15

3. Defendant TPPM is to provide amended responses and produce documents consistent with this Order for Requests for Production Nos. 36-37 and 39-42.

**IT IS SO ORDERED.**

Dated: May 24, 2017

*Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge