# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONYA BLANTON, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>TORREY PINES PROPERTY MANAGEMENT, et al.,<br><br>         Defendants. | Case No.: 15-CV-0892 W (NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR A DETERMINATION THAT PLAINTIFF JOA'S FHA AND CFEHA CAUSES OF ACTION WERE FRIVOLOUS, UNREASONABLE, AND/OR WITHOUT FOUNDATION [DOC. 99]** |

  Pending before the Court is Defendants' motion for a determination that Plaintiff Joa's FHA and CFEHA causes of action were frivolous, unreasonable, and/or without foundation. [Doc. 99.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** the motion.

//

//

//

//

//

//

1

## I. BACKGROUND

On April 22, 2015, Plaintiffs Monya Blanton and Diane Joa brought this action against Defendants Torrey Pines Property Management, Inc., Sedlack Development Co., LP, Peggy Warny, and Corinne Lampman. (*Compl.* [Doc. 1].) According to the Second Amended Complaint ("SAC"), Torrey Pines Property Management ("TPPM") enforced a policy restricting the occupancy of its rental units to "one occupant per bedroom plus one[,]" thus discriminating on the basis of familial status in violation of 42 U.S.C. § 3601 and Cal. Gov. Code § 12927, *inter alia*. (*SAC* [Doc. 29] ¶¶ 1–37.)

On Defendants' motion, the Court dismissed Plaintiff Joa's first two causes of action for lack of standing, reasoning that by the time the occupancy policy at issue was enforced against Plaintiff Joa's family, all members of her family had reached the age of majority. (*See April 20, 2017 Order* [Doc. 83].) Defendants now move "for a determination that Plaintiff Joa's FHA and CFEHA causes of action were frivolous, unreasonable, and/or without foundation." (*Defs.' Mot.* [Doc. 99].)

## II. LEGAL STANDARD

"Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.' To enforce this limitation, we demand that litigants demonstrate a 'personal stake' in the suit." Camreta v. Greene, 563 U.S. 692, 701 (2011) (quoting Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009)). " '[F]ederal courts have never been empowered to issue advisory opinions.' " Coal. for a Healthy California v. F.C.C., 87 F.3d 383, 386 (9th Cir. 1996) (quoting FCC v. Pacifica Found., 438 U.S. 726, 734–35 (1978)).

## III. DISCUSSION

Defendants do not move for attorneys' fees. (*Defs.' Mot.* [Doc. 99].) Rather, they propose to do so at a later date, after their motion for an advisory opinion as to the nature of Joa's claims is granted. (*Id.* [Doc. 99] 1:28–2:2 ("If this motion is granted, Defendants

will submit attorney billing amounts pertaining specifically to Defendants' defense of Joa's frivolous claims so that an attorney fee award may be specifically calculated." (formatting altered from original).) The issue of fees is not before the Court. Defendants do not show a personal stake in the issue of whether Plaintiff Joa's claims were frivolous, unreasonable, or without foundation. The Court is not empowered to issue an opinion advising Defendants. See, e.g., Coal. for a Healthy California, 87 F.3d at 386.

## IV.  CONCLUSION & ORDER

Defendants' motion is **DENIED.**  [Doc. 99.]

**IT IS SO ORDERED.**

Dated:  October 13, 2017

Hon. Thomas J. Whelan
United States District Judge